UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
TIMOTHY J. SULLIVAN
UNITED STATES MAGISTRATE JUDGE

6500 Cherrywood Lane
Greenbelt, Maryland 20770
Telephone: (301) 344-3593

May 17, 2022

LETTER TO COUNSEL:

RE:  *Charlene M. v. Kilolo Kijakazi, Acting Comm'r of Social Security*
Civil No. TJS-22-821

Dear Counsel:

On April 6, 2022, Plaintiff Charlene M. petitioned this Court to review the Social Security Administration's final decision to deny her claim for supplemental security income ("SSI"). ECF No. 1. The parties have filed cross-motions for summary judgment. ECF Nos. 11 & 13. These motions have been referred to the undersigned with the parties' consent pursuant to 28 U.S.C. § 636 and Local Rule 301.[1] Having considered the submissions of the parties (ECF Nos. 10, 12 & 13), I find that no hearing is necessary. *See* Loc. R. 105.6. This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed the proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015). Following its review, this Court may affirm, modify, or reverse the Commissioner, with or without a remand. *See* 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89 (1991). Under that standard, I will grant the Acting Commissioner's motion and deny the Plaintiff's motion. This letter explains my rationale.

Charlene M. filed her application for disability benefits on December 27, 2019. Tr. 12. She alleged a disability onset date of February 20, 2019. *Id.* Her application was denied initially and upon reconsideration. *Id.* Charlene M. requested an administrative hearing and a telephonic hearing was held on July 19, 2021, before an Administrative Law Judge ("ALJ"). *See id.* In a written decision dated August 27, 2021, the ALJ found that Charlene M. was not disabled under the Social Security Act. Tr. 12-19. The Appeals Council denied Charlene M.'s request for review, making the ALJ's decision the final, reviewable decision of the agency. Tr. 1-6.

The ALJ evaluated Charlene M.'s claim for benefits using the five-step sequential evaluation process set forth in 20 C.F.R.§ 416.920. At step one, the ALJ found that Charlene M. has not engaged in substantial gainful activity since February 20, 2019, the alleged onset date. Tr. 14. At step two, the ALJ found that while Charlene M. suffers from certainly medically determinable impairments (obesity, hypertension, cervical spine degenerative disk disease, adjustment disorder with mixed anxious and depressed mood, antisocial personality disorder, and substance abuse), she did not have a severe impairment or combination of impairments. Tr. 14.

---

[1] This case was originally assigned to Judge Hurson. On November 30, 2022, it was reassigned to me.

Accordingly, the ALJ found that Charlene M. was not disabled under the Social Security Act. Tr. 19.

Charlene M. argues that the ALJ's step-two denial is not supported by substantial evidence and is contrary to law. At the second step of the sequential evaluation process, it is the claimant's burden to prove that they have a medically determinable severe impairment or combination of impairments that meets the 12-month durational requirement. 20 C.F.R. §§ 416.909 (setting the durational requirement), 416.920 (explaining the five-step sequential evaluation process). If a claimant does not prove that they have "a severe medically determinable physical or mental impairment that meets the duration requirement," they will be found to be not disabled. 20 C.F.R. § 416.920. A claimant will be found to have a severe impairment if they prove that they have "any impairment or combination of impairments [that] significantly limits [their] physical or mental ability to do basic work activities." *Id.* §§ 416.920(c), 416.922. "Basic work activities" are those "abilities and aptitudes necessary to do most jobs." *Id.* § 416.922. Examples of basic work activities include:

> (1) Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling;
> (2) Capacities for seeing, hearing, and speaking;
> (3) Understanding, carrying out, and remembering simple instructions;
> (4) Use of judgment;
> (5) Responding appropriately to supervision, co-workers and usual work situations; and
> (6) Dealing with changes in a routine work setting

*Id.*

An ALJ will find that a claimant's impairments are not severe "when medical evidence establishes only a slight abnormality or a combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work even if the individual's age, education, or work experience were specifically considered." Social Security Ruling ("SSR") 85-28, 1985 WL 56856, at *3. "Thus, even if an individual were of advanced age, had minimal education, and a limited work experience, an impairment found to be not severe would not prevent him or her from engaging" in substantial gainful activity." *Id.* An ALJ must exercise "great care" in applying the not severe impairment concept at step two. *Id.* If the ALJ cannot "determine clearly the effect of an impairment or combination of impairments on the individual's ability to do basic work activities, the sequential evaluation process" should be continued. *Id.*

Charlene M. argues that the ALJ should have found that she had severe impairments and should have continued the sequential evaluation process to its conclusion. ECF No. 11-1 at 9-17. She states that she alleged "more than minimal symptoms and functional limitations" as a result of her impairments, including pain in her neck, back, and knees that causes limitations with movement, sitting, and climbing stairs. *Id.* at 10. She also states that she alleged that her depression symptoms include thoughts of suicide and uncontrolled crying episodes two or three times per week, as well as social isolation, memory impairment, and difficulty following directions. *Id.* She notes that the ALJ found that all of her alleged symptoms are consistent with her medically

determinable impairments inasmuch as the impairments "could reasonably be expected to produce the alleged symptoms." *Id.* at 10-11 (citing Tr. 15). And according to Charlene M., objective medical evidence supports her allegation of severe symptoms related to her impairments. *Id.* at 11-16. Charlene M. argues that the ALJ improperly considered and mischaracterized the medical evidence of record. *Id.*

I find that the ALJ properly considered the evidence of record and properly applied the governing legal standards to conclude at step two that Charlene M. does not have a severe impairment or combination of impairments. The ALJ acknowledged all of the medically determinable impairments that Charlene M. addresses in her motion: obesity, hypertension, cervical spine degenerative disk disease, adjustment disorder with mixed anxious and depressed mood, antisocial personality disorder, and substance abuse. Tr. 14. The ALJ found that these medically determinable impairments "could have reasonably been expected to produce the alleged symptoms." Tr. 15. But the ALJ found that none of Charlene M.'s symptoms were sufficient to justify a finding that she had a severe impairment or combination of impairments. Tr. 15-19.

As for her physical impairments, the ALJ found that Charlene M. has had only "routine and conservative" medical treatment and that her physical examinations have mostly been normal. Tr. 16. Regarding her hypertension, the ALJ found that Charlene M. has been treated for this condition since her alleged onset date and that her condition was well controlled with medication. *Id.* As for her diagnosis of hepatitis C, the ALJ noted that Charlene M. began treatment for this condition in early 2019 and had a negative viral load as of March 2021. *Id.* As for Charlene M.'s obesity, the ALJ cited SSR 19-2p and found that "there is no evidence of any specific or quantifiable impact on the claimant's ability to perform routine movement and necessary physical activity within the work environment." *Id.* Regarding Charlene M.'s back and neck pain, the ALJ found that she broke her neck in 1983. *Id.* Imaging from 2015 "showed moderate cervical spondylosis without central canal stenosis" and no acute findings. *Id.* Neck examinations performed in 2017 and 2018 were normal. *Id.* The ALJ noted that Charlene M. "has not had treatment for her neck or back during the alleged disability period" and that, "[f]unctionally, she reported she loves to clean." *Id.*

The ALJ discussed Charlene M.'s physical consultative examination in April 2020, at which she complained of back pain (but not neck pain) with bending and lifting. *Id.* As the ALJ noted, this physical examination "including range of motion of all joints and gait," was normal. *Id.* Although Charlene M. alleged during the exam that she could only walk three blocks and lift up to five pounds, the exam revealed no physical issues that would cause these limitations. *Id.* (citing Tr. 347-51).

As for her mental impairments, the ALJ noted that Charlene M. has "had no mental health treatment other than detox and taking 100mg Zoloft," and that her treatment has all been "routine and conservative." Tr. 16. The ALJ also found that Charlene M.'s "mental status examinations have mostly been normal." *Id.* And the ALJ noted Charlene M.'s self-reported success with her medication. *Id.*; Tr. 364, 459, 478. The ALJ also addressed Charlene M.'s history of drug abuse and her subsequent successful treatment. Tr. 16-17. The ALJ found that there was no evidence that Charlene M.'s prior drug abuse caused any functional limitations during the relevant period. Tr. 17. With regard to one limitation that Charlene M. alleged related to her prior drug abuse (long

term memory loss), the ALJ found that her intake counselor's note documenting this limitation was based solely on Charlene M.'s self-report of sometimes having difficulty with memory loss from many years of substance abuse. *Id.*; Tr. 475-76. The ALJ also discussed Charlene M.'s psychological consultative examination in July 2020, at which she was given a good prognosis and assigned mostly mild limitations. *Id.*

The ALJ evaluated Charlene M.'s mental functioning under the four broad functional areas under 20 C.F.R., Part 404, Subpart P, Appendix 1. Tr. 17. The ALJ found that she had a mild limitation in understanding, remembering, and applying information. *Id.* The ALJ noted that Charlene M. reported long-term memory loss due to her extensive history of drug use and that she can manage her finances and that she reads the Bible. *Id.* In interacting with others, the ALJ also found that Charlene M. had a mild limitation. Although she "tends to keep to herself," she also prefers to live in a residential setting with others in recovery and told a provider that "she could get along with anyone." *Id.* The ALJ found that Charlene M. had mild limitations in concentrating, persisting, and maintaining pace. Tr. 18. The ALJ noted that she "watches television and reads the Bible, both of which require some amount of concentration and task persistence." *Id.* In the area of adapting and managing oneself, the ALJ found Charlene M. to have a mild limitation. *Id.* The ALJ documented Charlene M.'s successful drug abuse treatment, her motivation to continue treatment and avoid relapsing, that she "goes to church regularly, loves to clean, and has support from a sponsor and NA meetings." *Id.* Because Charlene M.'s mental impairments caused no more than mild limitations in any of the functional areas, and because there is no indication that she has a more than minimal limitation in performing basic work activities, the ALJ found that Charlene M.'s mental impairments were not severe. *Id.*

The ALJ also addressed the opinion evidence of record. The ALJ found the mental assessments of the State agency initial and reconsideration level evaluators to be persuasive. Tr. 18. The ALJ explained that "these consultants are familiar with the disability program, reviewed the record, relied upon relevant evidence, and provided an explanation to support their findings," which "are consistent with the medical evidence of record." *Id.* The ALJ also found the January 2019 opinion of psychological consultative examiner Dr. King to be largely persuasive, although the ALJ concluded that Charlene M. had greater limitations than those contained in Dr. King's opinion.[2] *Id.*

The ALJ found the opinion of psychological consultative examiner Dr. Heidelmaier to be partially persuasive. Tr. 19. The ALJ noted that her findings were largely consistent with the record as a whole. *Id.* The ALJ rejected the examiner's finding that Charlene M. has a moderate limitation in remote memory as being inconsistent with the record. The ALJ explained: "The claimant appears to be a good historian of her personal and medical history both in the various consultative examination reports contained in the record as well as at her initial intake at Dreamlife Treatment Center in 2021." *Id.* The ALJ noted that the examiner's moderate limitation finding was apparently based on Charlene M.'s self-report that her years of drug use impaired her memory. *Id.*

---

[2] This opinion was rendered before Charlene M.'s alleged onset date. Charlene M. has previously applied for disability benefits. Her requests have been denied on March 22, 2013; January 3, 2017; December 22, 2017; and February 19, 2019. ECF No. 13-1 at 12 n.2.

  The ALJ found a March 2020 opinion of physical consultative examiner Dr. Reddy unpersuasive. Tr. 18. The ALJ explained why: the opinion was issued after a one-time evaluation and lacked a longitudinal assessment of Charlene M.'s functional abilities over time, the opinion contained walking and lifting/carrying restrictions that are not supported by Dr. Reddy's own findings and Charlene M.'s lack of treatment for back and knee issues. *Id.* Regarding Dr. Reddy's February 2019 opinion, the ALJ also found the opinion was unpersuasive because the stated limitations are based on Charlene M.'s self-report and not due to Dr. Reddy's own observations. *Id.* The ALJ also found consultative examination reports from Dr. Weng and Dr. Cascella to be unpersuasive because they were issued years prior to Charlene M.'s current alleged onset date and were lacking a longitudinal assessment of Charlene M.'s functioning over time. Tr. 19.

  The Court rejects Charlene M.'s argument that the ALJ improperly evaluated the evidence of record. The ALJ's explanation of her finding that Charlene M. does not have any impairments, considered singly or in combination, that significantly limit her ability to perform basic work activities is supported by substantial evidence. The Court will thus affirm the Acting Commissioner's determination that Charlene M. is not disabled.

  For the reasons set forth above, Charlene M.'s Motion for Summary Judgment (ECF No. 11) will be **DENIED**, and the Acting Commissioner's Motion for Summary Judgment (ECF No. 13) will be **GRANTED**. The Clerk is directed to **CLOSE** this case. Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

                Sincerely yours,

                /s/
                Timothy J. Sullivan
                United States Magistrate Judge